IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOHNATHAN C. LONG,**

    Plaintiff,

v.                                           Civil Action No. **3:10CV532**

**DETECTIVE BERES,** *et al.,*

    Defendants.

### MEMORANDUM OPINION

Johnathan C. Long, a federal prisoner proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. Long alleges that, by swabbing his hands for gunpowder residue without his consent, Detective Beres, Officer Nemetz, and Officer Alexander ("Defendants")[1] violated his Fourth[2] and Fifth[3] Amendment rights. Defendants move to dismiss Long's complaint on the grounds that they are entitled to qualified immunity or, in the alternative, that Long's claims are not cognizable under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Long has responded. This matter is ripe for judgment. For the reasons stated below, Defendants' Amended Motion to Dismiss will be DENIED.

### I. STANDARD FOR A MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] At all times relevant to this action Defendants were employees of the Hampton Police Department in Hampton, Virginia.

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[3] "No person shall . . . be deprived of life, liberty, or property without due process of law . . . ." U.S. Const. amend. V.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

## II. LONG'S ALLEGATIONS

On the evening of March 12, 2010, Long was shot in the leg. Defendants Beres and Nemetz approached Long in the hospital emergency room at approximately 12:34 am on March 13, 2010. Defendants Beres and Nemetz "made everybody get out [of Long's hospital room]." (Compl. 5.)[4] Defendant Alexander then entered the room and asked Long, "'How did [you] get shot?'" Long "told [Alexander] about the shooting being a drive-by and stated what happened. [Long] was shot in the left knee which was clearly not a self-inflicted wound." (*Id.*)

Defendant Beres asked Long to allow the officers to test Long's hands for gunpowder residue. Long refused, stating: "I am a victim, not a suspect." (*Id.*) Defendant Beres told Long that he "had to take the test because the evidence could be destroyed." (*Id.*) Long replied, "'No, I do not want to take the test.'" (*Id.*) "[Detective] Beres looked at [Officer] Nemetz and [Officer] Alexander which in return physically held both of [Long's] arms out while [Detective] Beres swabbed [Long's] hands." (*Id.*) Long claims that "[a]s a result . . . I was falsely arrested and detained on 3/13/10 with the charges ultimately nolle prosequi on 3/18/10 (5 days later)." (*Id.* at 5a.)[5] Based on the foregoing, Long makes the following claims:

---

[4] The Court has corrected capitalization in quotations of Long's submissions. Further, Long's Complaint includes an unnumbered page between pages five and six. The Court will refer to this page as "5a."

[5] Long was neither in custody nor under arrest while at the hospital. Upon Long's discharge from the hospital, at approximately 4:00 am on March 13, 2010, he went voluntarily to the police station with Defendant Nemetz. (Pl.'s Mem. Opp'n Defs.' Am. Mot. Dismiss 4.) Police did not arrest Long until approximately 1:00 pm on March 13, 2010, after officers completed a search of his residence. (*Id.* at 5.)

> Claim One    Defendants violated Long's Fourth Amendment right to freedom from unlawful search and seizure by restraining Long and swabbing his hands for gunpowder residue without his consent.
>
> Claim Two    Defendants violated Long's Fifth Amendment right to freedom from deprivation of liberty without due process of law by restraining Long and swabbing his hands for gunpowder residue without his consent.

(*Id.* at 5–5a.)[6] Long seeks money damages in the amount of $150,000 and "for [Defendants] to take a class on police brutality." (*Id.* at 6.)

### III.    ANALYSIS

**A.    Claim One**

**1.    Qualified Immunity**

"Qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006) (internal quotation marks omitted) (*quoting Wilson v. Layne*, 526 U.S. 603, 609 (1999)). Officials will receive immunity unless the § 1983 claim satisfies a two-prong test: (1) the allegations, if true, substantiate a violation of a federal statutory or constitutional right, and (2) the right was "clearly established" such that "a reasonable person would have known" his acts or omissions violated that right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see Pearson v. Callahan*, 555 U.S. 223, 236–37 (2009) (setting up this two-pronged framework).

---

[6] The Court finds that Long, in his Complaint, does not plead a claim for excessive force. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that courts are not advocates and are not required to address claims not squarely presented to them).

Defendants assert that Long's allegations, taken as true, do not state a violation of his Fourth Amendment rights because Defendants' actions fall within the exigent circumstances exception. (Defs.' Am. Br. Supp. Am. Mot. Dismiss 7.)[7] Defendants direct this Court to the holdings of *United States v. Simmons*, No. 5:07CR40, 2008 WL 919547 (N.D. W. Va. Apr. 3, 2008), and *United States v. Pettiford*, 295 F. Supp. 2d 552 (D. Md. 2003), in support of this contention. However, Courts, including the Courts in *Simmons* and *Pettiford*, recognize that, to apply the exigent circumstances exception, both exigent circumstances *and probable cause* must exist. *Simmons*, 2008 WL 919547, at *1 ("One such exception to the warrant requirement exists when there is probable cause to search and officers reasonably believe that evidence may be destroyed before a search warrant can be obtained." (*citing Chimel v. California*, 395 U.S. 752, 763 (1969))); *Pettiford*, 295 F. Supp. 2d at 560 ("The police may conduct a warrantless search if it is supported by probable cause and exigent circumstances exist." (*citing Cupp v. Murphy*, 412 U.S. 291, 293 (1973); *United States v. Jones*, No. 98-4624, 2000 WL 690182, at *3–4 (4th Cir. May 26, 2000))).

The allegations in Long's complaint contain no probable cause for Defendants' involuntary gunpowder residue swab, *see* Compl. 5–5a., and it goes without saying that the requirement of probable cause for a search in the absence of a warrant is "clearly established" in law. *See, e.g., Whren v. United States*, 517 U.S. 806, 809–810 (holding that a search or seizure, as a general matter, must be supported by probable cause in order to meet the Fourth Amendment's reasonableness standard). Without probable cause, no amount of exigent circumstances can save Defendants' involuntary, warrantless search of Long. Because

---

[7] Because Defendants failed to number the pages of this document, the Court will refer to it using the page numbers assigned by the CM/ECF system.

Defendants cannot show that probable cause exists on the face of the Complaint, they are not entitled to qualified immunity at this juncture with respect to this claim.

### 2. *Heck v. Humphrey*, 512 U.S. 477 (1994)

In *Heck* the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "*Heck's* holding precludes a prisoner from a collateral attack that may result in two inconsistent results—for example, a valid criminal conviction and a valid civil judgment under § 1983 for monetary damages due to unconstitutional conviction or imprisonment." *Wilson v. Johnson*, 535 F.3d 262, 265 (4th Cir. 2008).

Defendants argue that "[i]t would appear that [Long's] claim pursuant to 42 U.S.C. § 1983 would by implication imply that [Long's] guilty plea and subsequent conviction . . . is invalid." (Defs.' Am. Br. Supp. Am. Mot. Dismiss 8.) Thus, Defendants assert, Long's

challenge is barred by *Heck v. Humphrey*. (*Id.* at 8–9.) Defendants ask the Court to consider its own records, but fail to articulate how these records show that Long's current claim necessarily implies the unlawfulness of his Federal conviction.

The Court's records do show that, while executing a search warrant of Long's residence on March 13, 2010, law enforcement officers found crack cocaine and a semi-automatic rifle. *United States v. Long*, No. 4:10cr00067–RBS–TEM, Docket No. 14 ("Statement of Facts"), at 1–2 (E.D. Va. filed July 27, 2010). Long subsequently pled guilty in the Newport News Division of this Court to possession with intent to distribute cocaine base, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime. *Long*, No. 4:10cr00067–RBS–TEM (E.D. Va. Nov. 12, 2010). The Court sentenced Long to 180 months of imprisonment. *Id.* Had Long's case gone to trial, an "associate" of Long was prepared to testify that, on the evening prior to the search (March 12, 2010), Long arranged to deliver crack cocaine to a potential buyer. (Statement of Facts 1.) This transaction "was interrupted when the intended buyer attempted to rob [Long] at gunpoint." (*Id.*)

The Complaint does not indicate that police used the results of the gunpowder residue test to obtain the search warrant for Long's residence.[8] Indeed, nothing before the Court indicates that, absent the gunpowder residue test, law enforcement officers would not have been able to obtain the search warrant for Long's residence or his eventual conviction. Defendants fail to show that Long's current allegations necessarily imply the unlawfulness of his federal

---

[8] Long claims that police searched his residence only after they obtained witness statements connecting him to the shooting. (Pl.'s Mem. Opp'n Defs.' Am. Mot. Dismiss 5, 7.) Long claims that these witness statements, not the gunpowder residue test results, "ultimately lead [sic] to the search of [Long's] residence, and his arrest." (*Id.* at 7.) Long also states that he "in no way would imply that his federal conviction of which he plead [sic] guilty . . . was some how [sic] invalid." (*Id.* at 6.)

conviction. Thus, Defendants fail to show, at this juncture, that the *Heck v. Humphrey* bar applies. Accordingly, and because Defendants fail to show that probable cause for the gunpowder residue test exists on the face of the Complaint, Defendants' Amended Motion to Dismiss, as it relates to Claim One, will be DENIED.

**B.  Claim Two**

In Claim Two, Long asserts that, by their actions described above, Defendants violated his "5th Amendment, not to deprive [him] of liberty without due process of the law." (Compl. 5a.) Defendants have not addressed Long's claim that he was deprived of liberty without due process. Indeed, Defendants have pointed only to authority concerning Long's Fourth Amendment claim. Accordingly, Defendants' Amended Motion to Dismiss, as it relates to Claim Two, will be DENIED.

## IV.  CONCLUSION

Defendants' Amended Motion to Dismiss (Docket No. 25) will be DENIED. Notwithstanding this ruling, the Court takes no position on the ultimate merits of the plaintiff's claim. It may be the case, upon full examination of the record, that the defense of qualified immunity will apply or that the claim will be barred by *Heck v. Humphrey*. The parties shall have 45 days from this Order to file a motion for summary judgment, supported by affidavit or otherwise. If no such motion is filed, the Court shall set the case for trial.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2/8/12
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge